COMMONWEALTH OF KENTUCKY
TRIGG ~~CHRISTIAN~~ CIRCUIT COURT
DIVISION _____
CIVIL ACTION NO. 12-CI- 00023

FILED
DATE: 1/30/12
PAM W. PERRY, CLERK
TRIGG CO. CIRCUIT/DISTRICT COURT
BY: _____ D.C.

SHARON ALEXANDER,      PLAINTIFF,

VS.      **COMPLAINT**

DIAMOND HEALTHCARE
CORPORATION and TRIGG COUNTY
HOSPITAL, INC., d/b/a TRIGG
BEHAVIORAL HEALTH,      DEFENDANTS.

    Comes the plaintiff, Sharon Alexander, by counsel, and for her cause of action herein, states as follows:

### PARTIES

1. Plaintiff Sharon Alexander is an individual residing at 128 North Sunset Circle, Hopkinsville, Christian County, Kentucky 42240.

2. Defendant Diamond Healthcare Corporation (hereinafter "Diamond") is a foreign corporation doing business in Kentucky and in good standing with its principal place of business being located at 701 E. Byrd Street, 15th Floor, Richmond, VA 23219. Diamond has named as its registered agent: CSC-Lawyers Incorporating Service Company, 421 West Main Street, Frankfort, KY 40601.

3. Trigg County Behavioral Health does business under the umbrella of Trigg County Hospital, Inc. (both hereafter "Trigg"). Its principal office is P. O. Box 312, Cadiz, KY 42211. Its registered agent is Michael L. Gross, DMD, 254 Main Street, P. O. Box 312, Cadiz, KY 42211.



DEFENDANT'S EXHIBIT A

## CLAIM I

4. Plaintiff Sharon Alexander was ill and as a result of a serious physical condition which qualified her under the Family Medical Leave Act (hereinafter "FMLA"), had to be off work from January 14, 2011 until February 21, 2011. At that time she was working for Trigg although an employee of Diamond.

5. Plaintiff's employer Diamond and Trigg, and agents thereof, were aware of her condition and the fact that she was asserting FMLA. They were also aware she may have needed accommodation under the Americans with Disability Act (ADA).

6. Diamond had prepared documentation and allowed plaintiff to be placed on FMLA leave.

7. When plaintiff was released to return to work, she was on February 22 told she was fired. Regardless of the fact that Diamond and its agents were aware that plaintiff had been off on FMLA leave and ADA request, it fired her retaliating for her assertion and utilization of benefits under FMLA. Diamond claimed Trigg demanded she be fired. If such is true Trigg violated her rights under the Family Medical Leave Act.

8. As a result of the retaliation and wrongful termination of plaintiff as a result of her assertion of the FMLA, she has suffered lost wages and associated work benefits. Plaintiff is entitled to an award of attorney fees under both the FMLA and ADA.

2

9. The damages suffered by plaintiff are in excess of the minimal jurisdictional limits of this Court.

## CLAIM II

10. Plaintiff adopts and incorporates the preceding nine numerical paragraphs as if written in their entirety.

11. Defendant Diamond and Trigg committed common law wrongful termination by terminating plaintiff in retaliation for asserting a protected right under the Commonwealth of Kentucky in violation of the public policy of Kentucky.

12. Plaintiff suffered the damages as set forth as aforesaid in numerical paragraphs 8 and 9 as well as emotional distress and mental suffering and is likewise entitled to punitive damages to deter such outrageous conduct.

13. The damages suffered by plaintiff are in excess of the minimal jurisdictional limits of this Court.

## CLAIM III

14. Plaintiff adopts and incorporates the preceding thirteen numerical paragraphs as if written in their entirety.

15. Plaintiff requests this Court to enter an injunction requiring defendant Diamond and Trigg to reinstate her upon terms and conditions which would exist had she not been wrongfully terminated, including all raises and cost of living increases.

16. Plaintiff will suffer irreparable harm if she is not so reinstated.

## CLAIM IV

17. Plaintiff adopts and incorporates the preceding sixteen numerical paragraphs as if written in their entirety.

3

18. Plaintiff had an employment contract with Diamond. Upon information and belief Trigg wrongfully induced and caused Diamond to breach that contract thus committing the tort of interference with a contractual relation.

19. As a result of Trigg's actions, plaintiff is entitled to damages and relief as set forth in numerical paragraphs 8, 9, 12, and 14 supra.

20. The damages suffered by plaintiff are in excess of the minimal jurisdictional limits of this Court.

WHEREFORE, plaintiff Sharon Alexander demands the following relief from defendants:

A. A trial by jury;

B. All wages, employment benefits, and other compensation denied her and lost as a result of her wrongful termination under the ADA and FMLA (including an additional equal amount in liquidated damages under the FMLA) as well as emotional pain and suffering under common law wrongful discharge;

C. Any other monetary losses suffered by plaintiff as a result of the violation of the FMLA or ADA; as well as emotional pain and suffering due to her wrongful discharge;

D. Prejudgment interest on all sums due;

E. Attorney fees and court costs;

F. Injunctive relief in the form of reinstatement to her prior position with all due raises, promotions, cost of living increases, thus placing her into the position she would have been but for the wrongful termination;

G. Punitive damages to deter such conduct in the future; and

H.  Any and all further relief to which she may be entitled.

This __26th__ day of January, 2012.

_____
Kenneth R. Haggard
800 South Virginia Street
P. O. Box 4037
Hopkinsville, KY 42240
Tel:   270-885-1417
Fax:  270-885-0927
Attorney for Plaintiff Sharon Alexander

5

COMMONWEALTH OF KENTUCKY
TRIGG CIRCUIT COURT
CIVIL ACTION NO. 12-CI-00023

FILED
DATE ___/15/12
PAM W. PERRY, CLERK
TRIGG CO. CIRCUIT/DISTRICT COURT
BY: _____ D.C.

SHARON ALEXANDER,                                                                                          PLAINTIFF,

VS.                                             **AMENDED COMPLAINT**

DIAMOND HEALTHCARE
CORPORATION and TRIGG COUNTY
HOSPITAL, INC., d/b/a TRIGG
BEHAVIORAL HEALTH,                                                                                        DEFENDANTS.

Comes the plaintiff, Sharon Alexander, by counsel, and for her cause of action herein, states as follows:

**PARTIES**

1. Plaintiff Sharon Alexander is an individual residing at 128 North Sunset Circle, Hopkinsville, Christian County, Kentucky 42240.

2. Defendant Diamond Healthcare Corporation (hereinafter "Diamond") is a foreign corporation doing business in Kentucky and in good standing with its principal place of business being located at 701 E. Byrd Street, 15th Floor, Richmond, VA 23219. Diamond has named as its registered agent: CSC-Lawyers Incorporating Service Company, 421 West Main Street, Frankfort, KY 40601.

3. Trigg County Behavioral Health does business under the umbrella of Trigg County Hospital, Inc. (both hereafter "Trigg"). Its principal office is P. O. Box 312, Cadiz, KY 42211. Its registered agent is Michael L. Gross, DMD, 254 Main Street, P. O. Box 312, Cadiz, KY 42211.

## CLAIM I

4.  Plaintiff Sharon Alexander was ill and as a result of a serious physical condition which qualified her under the Family Medical Leave Act (hereinafter "FMLA"), had to be off work from January 14, 2011 until February 21, 2011. At that time she was working for Trigg although an employee of Diamond.

5.  Plaintiff's employer Diamond and Trigg, and agents thereof, were aware of her condition and the fact that she was asserting FMLA. They were also aware she may have needed accommodation under the Americans with Disability Act (ADA).

6.  Diamond had prepared documentation and allowed plaintiff to be placed on FMLA leave.

7.  When plaintiff was released to return to work, she was on February 22 told she was fired. Regardless of the fact that Diamond and its agents were aware that plaintiff had been off on FMLA leave and ADA request, it fired her retaliating for her assertion and utilization of benefits under FMLA. Diamond claimed Trigg demanded she be fired. If such is true Trigg violated her rights under the Family Medical Leave Act.

8.  As a result of the retaliation and wrongful termination of plaintiff as a result of her assertion of the FMLA, she has suffered lost wages and associated work benefits. Plaintiff is entitled to an award of attorney fees under both the FMLA and ADA.

9.  The damages suffered by plaintiff are in excess of the minimal jurisdictional limits of this Court.

## CLAIM II

10. Plaintiff adopts and incorporates the preceding nine numerical paragraphs as if written in their entirety.

11. Defendant Diamond and Trigg committed common law wrongful termination by terminating plaintiff in retaliation for asserting a protected right under the Commonwealth of Kentucky in violation of the public policy of Kentucky.

12. Plaintiff suffered the damages as set forth as aforesaid in numerical paragraphs 8 and 9 as well as emotional distress and mental suffering and is likewise entitled to punitive damages to deter such outrageous conduct.

13. The damages suffered by plaintiff are in excess of the minimal jurisdictional limits of this Court.

## CLAIM III

14. Plaintiff adopts and incorporates the preceding thirteen numerical paragraphs as if written in their entirety.

15. Plaintiff requests this Court to enter an injunction requiring defendant Diamond and Trigg to reinstate her upon terms and conditions which would exist had she not been wrongfully terminated, including all raises and cost of living increases.

16. Plaintiff will suffer irreparable harm if she is not so reinstated.

## CLAIM IV

17. Plaintiff adopts and incorporates the preceding sixteen numerical paragraphs as if written in their entirety.

18. Plaintiff had an employment contract with Diamond. Upon information and belief Trigg wrongfully induced and caused Diamond to breach that contract thus committing the tort of interference with a contractual relation.

19. As a result of Trigg's actions, plaintiff is entitled to damages and relief as set forth in numerical paragraphs 8, 9, 12, and 14 supra.

20. The damages suffered by plaintiff are in excess of the minimal jurisdictional limits of this Court.

WHEREFORE, plaintiff Sharon Alexander demands the following relief from defendants:

A. A trial by jury;

B. All wages, employment benefits, and other compensation denied her and lost as a result of her wrongful termination under the ADA and FMLA (including an additional equal amount in liquidated damages under the FMLA) as well as emotional pain and suffering under common law wrongful discharge;

C. Any other monetary losses suffered by plaintiff as a result of the violation of the FMLA or ADA; as well as emotional pain and suffering due to her wrongful discharge;

D. Prejudgment interest on all sums due;

E. Attorney fees and court costs;

F. Injunctive relief in the form of reinstatement to her prior position with all due raises, promotions, cost of living increases, thus placing her into the position she would have been but for the wrongful termination;

G. Punitive damages to deter such conduct in the future; and

H.      Any and all further relief to which she may be entitled.

This _13_ day of February, 2012.

                                      Kenneth R. Haggard
                                      800 South Virginia Street
                                      P. O. Box 4037
                                      Hopkinsville, KY 42240
                                      Tel:    270-885-1417
                                      Fax:   270-885-0927
                                      Attorney for Plaintiff Sharon Alexander