UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
PADUCAH DIVISION
CASE NO. 5:12-CV-32

SHARON ALEXANDER                                                               PLAINTIFF

v.

DIAMOND HEALTHCARE
CORPORATION and TRIGG COUNTY
HOSPITAL, INC., d/b/a TRIGG
BEHAVIORAL HEALTH                                                          DEFENDANTS


## MEMORANDUM OPINION AND ORDER

This matter is before the Court upon Defendant Trigg County Hospital, Inc.'s Motion to Dismiss (DN 4). Plaintiff has filed her response (DN 10). Defendant has filed its reply (DN 12) and Plaintiff has filed a surreply (DN 14). Plaintiff has additionally filed a Motion to Amend her complaint (DN 11). These matters are now ripe for adjudication. For the following reasons, Defendant's Motion to Dismiss (DN 4) is DENIED.


## BACKGROUND

Plaintiff Sharon Alexander filed a complaint alleging violations of the Family Medical Leave Act ("FMLA"), the Americans with Disabilities Act ("ADA"), and Kentucky common law against Defendants Diamond Healthcare Corporation ("Diamond") and Trigg County Hospital ("Trigg"). Count I of the Amended Complaint alleged that Diamond and Trigg retaliated against her for her use of FMLA leave and her request for accommodation under the ADA. Count II alleged that Defendants wrongfully terminated Plaintiff in violation of Kentucky common law. In Count III, Plaintiff requested an injunction requiring that Defendants reinstate

Plaintiff to her former position. Finally, Count IV alleged that Trigg wrongfully interfered with Plaintiff's employment contract with Diamond.

Thereafter, Defendant Trigg filed this motion to dismiss on all counts pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedures.  Trigg contends that Plaintiff failed to adequately plead the elements of her federal claims and that any state claims are barred by the doctrine of sovereign immunity.  Shortly after filing a response to said motion (DN 10), Plaintiff filed a Motion to Amend her complaint (DN 11), which the Court granted.

## STANDARD

The Federal Rules of Civil Procedure require that pleadings contain a "short plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  A defendant may move to dismiss a claim or case because the complaint fails to "state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b).  When considering a Rule 12(b)(6) motion to dismiss, the court must presume all of the factual allegations in the complaint are true and draw all reasonable inferences in favor of the non-moving party. *Total Benefits Planning Agency, Inc. v. Anthem Blue Cross & Blue Shield*, 552 F.3d 430, 434 (6th Cir. 2008) (citing *Great Lakes Steel v. Deggendorf*, 716 F.2d 1101, 1105 (6th Cir. 1983)).  "The court need not, however, accept unwarranted factual inferences." *Id.* (citing *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)).

Even though a "complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations

omitted). Instead, the plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). A complaint should contain enough facts "to state a claim to relief that is plausible on its face." *Id.* at 570. A claim becomes plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).

## DISCUSSION

A. *Family Medical Leave Act*

In Count I, Plaintiff alleges that she was retaliated against for having taken FMLA leave. In order to make out a prima facie case of retaliation in violation of the FMLA, Plaintiff must show (1) she availed herself of a protected right under the FMLA, (2) she suffered an adverse employment action, and (3) that there was a causal connection between the exercise of her rights under the FMLA and the adverse employment action. *Edgar v. JAC Products, Inc.,* 443 F.3d 501, 508 (6th Cir. 2006).

Defendant argues that Plaintiff's retaliation claim under the Family Medical Leave Act ("FMLA") should be dismissed because she has failed to adequately plead that Trigg was her employer. As Defendant points out, implicit in Plaintiff's prima facie retaliation case is that such a case be brought against her employer. While Plaintiff's amended complaint is not the picture of clarity, Plaintiff has met her burden under the notice pleading requirements under the *Twombly/Iqbal* framework. In her amended complaint, Plaintiff asserts that she was "working for" Trigg and that Trigg was her "employer." (Pl.'s Am. Compl. DN 11-1, 2). Furthermore,

3

Plaintiff alleges that Trigg participated in the decision to discharge her.  (Pl.'s Am. Compl. DN 11-1, 3).  When viewed together, Plaintiff's claim that Trigg is her employer is plausible on its face.  Therefore, Defendant's motion to dismiss Plaintiff's FMLA claim is denied.

      B.  *Americans with Disabilities Act*

The Americans with Disabilities Act ("ADA") retaliation provision provides that "[n]o person shall discriminate against *any individual* because such individual has opposed any act or practice made unlawful [the ADA] or because such individual made a charge … under [the ADA]."  42 U.S.C.A. § 12203(a) (West) (emphasis added).  This is different in scope from the ADA's disability discrimination provision, which requires that an invoking plaintiff be a "qualified individual with a disability." 42 U.S.C.A. § 12112(a) (West).  Thus, by its own terms, the anti-retaliation provision does not require that a plaintiff show she is disabled to bring a claim. Rather, a prima facie case of retaliation under the ADA requires that a plaintiff show "that she engaged in protected activity; that the exercise of her civil rights was known by the defendant; that defendant thereafter took adverse employment action; and that a causal connection exists between the protected activity and the adverse employment action." *Walborn v. Erie County Care Facility*, 150 F.3d 584, 588-89 (6th Cir. 1998).

Defendant moves this Court to dismiss Plaintiff's claims under the ADA for failing to adequately allege she is disabled.  Although difficult to discern, it appears that Plaintiff is stating a *retaliation* claim under the ADA rather than a discrimination claim, which as discussed above, does not require that she allege a qualifying disability.  In Count I of Plaintiff's Amended Complaint, Plaintiff alleges Defendants "fired her retaliating for her assertion and utilization of benefits under FMLA and/or ADA." (DN 11-1, 3). She further alleges that she requested

4

workplace accommodations, that Defendant "demanded she be fired," and that she was in fact terminated shortly after. (DN 11-1,3). Plaintiff's allegations make her retaliation claim under the ADA plausible on its face. Therefore, Defendant's motion to dismiss Plaintiff's ADA claim is denied.

### C. *Sovereign Immunity*

Generally, if matters outside the pleadings are presented to the Court on a motion to dismiss under Rule 12(b)(6), the motion must be treated as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d). However, "a document that is not formally incorporated by reference or attached to a complaint may still be considered part of the pleadings ... when [that] document is referred to in the complaint and central to the plaintiff's claim." *Greenberg v. Life Ins. Co. of Virginia,* 177 F.3d 507, 514 (6th Cir.1999) (internal citations omitted); *see Whittiker v. Deutsche Bank Nat. Trust Co.,* 605 F.Supp.2d 914, 924 (N.D.Ohio 2009). When this occurs, the defendant may submit an authentic copy of the document to the court without the requirement that the motion for judgment on the pleadings be converted into a motion for summary judgment. *Greenberg,* 177 F.3d at 514.

Here, Defendant has moved to dismiss Plaintiff's state law claims on sovereign immunity grounds. Both parties have subsequently attached documents to their responsive pleadings with information as to Trigg's possible sovereign immunity. (DN 10 & DN 12). Rule 12(d) allows a court to exclude from its consideration matters outside the pleadings. Fed.R.Civ.P. 12(d). The rule also requires that both parties "be given a reasonable opportunity to present all the material that is pertinent to the motion." *Id.* As such, the Court allows the parties the opportunity for discovery on the issue of sovereign immunity. A schedule for such discovery and subsequent responses shall be set during the telephonic scheduling conference.

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Defendant's motion to dismiss Plaintiff's claim under the Family Medical Leave Act and the Americans with Disabilities Act (Count I) is DENIED; and

(2) Defendant's motion to dismiss Plaintiff's state law claims (Counts II and IV) is converted to a motion for summary judgment. The parties are to conduct reasonable discovery on the issue of sovereign immunity. This motion is DENIED at this time, with leave to refile when additional discovery has occurred.

(3) Therefore, a **telephonic status conference is set on September 19, 2012 at 11:00 a.m. CST**.

The Court shall initiate the call.